In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Adjacent to Throgs Neck Expressway in the Borough of The Bronx. ROBERT P. MARSHALL et al., Respondents.

First Department, June 30, 1959.

*Irving Genn* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel*), for appellant.

*Monroe Goldwater* of counsel (*Leon Liner* with him on the brief. *Goldwater & Flynn,* attorneys), for Robert P. Marshall, respondent.

*Charles Lamb* of counsel (*Matthew J. Tackella* with him on the brief; *Rocco L. Moles,* attorney), for Constantino Di Tullio, respondent.

McNALLY, J.   In this condemnation proceeding, appellant appeals from a second separate and partial final decree of the Supreme Court, County of Bronx, entered May 5, 1958, insofar as it makes an award of $296,350 for damage parcels 322, 323 and 324, and an award of $75,900 for damage parcel 654.

The sole issue is the quantum of the awards.

Appellant contends that the awards are grossly excessive, based on erroneous theories of law and contrary to the weight of the evidence.

Damage parcel 654, measuring 67,500 square feet, had frontages on Barkley, Balcom and Graff Avenues; 8,500 square feet were in a local retail zone and the balance was in a residential zone.   A 10,000 square foot plot on Graff Avenue was fenced and used for the sale of cemetery monuments.   It contained a 30 by 40 feet one-story brick and concrete office and workshop. The balance of the plot was unimproved.   In September, 1954 claimant Costantino Di Tullio purchased this property from the City on New York for a total consideration of $13,000; the assessed valuation was $11,000, the award is $75,900, of which $66,900 is allocated to the land.

We hold that the award for damage parcel 654 is excessive and contrary to the weight of the evidence in that it disregards the price of $13,000 at which this property was sold to the claimant by the appellant in 1954 and is more than six times the assessed valuation of $11,000.

The 1954 sale was at public auction and it is fair to assume that the price paid for the land was the best price obtainable by the City of New York.   No other comparable sales appear from the record.   There is insufficient evidence in the record to sustain an increase in excess of five times the sales price of this land during the three and one-half year period it was owned by the claimant.   While a permanent improvement may increase the value of the land the fencing off of 10,000 square feet of the 67,500 square foot parcel for a cemetery monument yard and the construction of a small building thereon cannot possibly have this effect.

We feel that Special Term did not give due consideration to either the sales price of $13,000 in 1954, or the assessed valuation of $11,000, especially in view of the wide discrepancy in the estimates of experts offered by the appellant and the claimant, and the proof is woefully lacking in any attempt to reconcile

the wide difference between the assessed valuation and the experts' opinions on value.

The initial award of $289,850 for damage parcels 322, 323 and 324 was increased in the amount of $6,500 by the court after a hearing on objections. The award appealed from totals $296,-350; land $256,350, improvements $40,000.

Damage parcels 322, 323 and 324 were situated on the south side of East 177th Street between East Tremont and Revere Avenues. They were zoned for retail purposes. Damage parcels 322 and 323 measuring 40,970 square feet were unimproved. Damage parcel 324 measuring 10,294 square feet was improved with a gasoline station which had been erected as a nonconforming use pursuant to a variance for a term of 15 years. It was leased to a tenant for 15 years. The lessee undertook to pay an annual rental of $8,400, plus 2 cents per gallon on every gallon exceeding 420,000 gallons per annum, and was responsible for taxes and nonstructural repairs. The lessee sublet the gasoline station to an operator at $5,880 per annum with the additional obligation on the operator to pay an additional rental when his volume of sales reached 35,000 gallons per month.

The assessed valuation of the three parcels was $117,000. Appellant's expert testified that the property was worth $215,-774. Claimant Robert P. Marshall offered two experts; one testified the value of the property was $368,677, the other $383,-500.

On the hearing of objections, counsel for the appellant stated: "I do believe that your Honor's award, considering all the evidence that was presented at the trial, is fair, just and reasonable; and I believe it should remain standing." Under the circumstances, we give no effect to the statement and review the decree solely on the basis of the record.

After this statement was made, the court increased the award by $6,500. Apparently the increase of $6,500 was based on the argument of claimant's counsel at the hearing. We do not believe that the argument there advanced warranted the increase, nor do we believe that the record sustains the award made.

The trial court failed to give any weight to the assessed valuation and thus arrived at a value which is grossly excessive. In addition, the value of the improvement on damage parcel 324 depended largely on the personal liability of the tenant, a prime risk, and the effect thereof was carried over in the awards made on damage parcels 322 and 323. The record fails to disclose comparable sales and none of the sales testified to sustains the award. The fact that the unit lot awards conform to the

unit lot awards of other parcels similarly situated and not reviewed by this court is immaterial.

On this record we are unable to arrive at proper awards and consequently cannot comply with subdivision 2 of section 584 of the Civil Practice Act. (See *Leonard* v. *Frantz Co.*, 268 App. Div. 144, 148.) Accordingly, the second separate and partial final decree should be reversed, on the law and on the facts, and a new trial directed in the interest of justice, with costs to appellant.

RABIN, J. P. (dissenting). I dissent and vote to affirm. This appeal concerns but 4 damage parcels out of a total of 691 involved in this condemnation proceeding. No appeal was taken by the city with respect to the other 687 parcels, so it may be assumed that the city considers the land values fixed as to those parcels, to be proper.

The city contends that the award for damage parcels 322, 323 and 324 is excessive, contrary to the weight of the evidence and based upon an erroneous theory of valuation. We find no support in the record for that contention. The court's original award for these parcels was $289,850. After the hearing of objections the award was increased by $6,500. Counsel for the city stated at the time objections were heard that the original award was '' fair, just and reasonable.'' Accepting that statement the question then is — should this court overrule the additional allowance of $6,500. Considering the amount of the initial award the additional allowance of $6,500 would appear to be trival and *de minimis*. Moreover it does not appear that the increase was not warranted. Consequently it is our view that Special Term should not be overruled in fixing the award for these parcels.

We are also of the opinion that the award for damage parcel 654 should not be disturbed. The city bases its appeal as to this parcel solely on the fact that in 1954 the land involved was purchased at public auction for $13,000. The assessed value of this parcel at the time of vesting was $11,000. The city's expert and the claimant's expert completely disregarded both the 1954 sale and the assessment. The city's expert appraised the land value at $52,044, while claimant's expert assigned a value of $93,775. The testimony of these two experts was the only evidence of value as of the date of vesting of title. It is apparent therefore that the award made by the court below was justified on the evidence given by the experts. It may be noted that the experts also disregarded the assessments on adjacent damage parcels 656, 657 and 658. There the land

assessment was $5,700 and the court's award was $50,580. Yet no appeal was taken by the city on those damage parcels.

The majority decision herein would seem to indicate that on retrial the Special Term should establish different unit lot values than those adopted by the court in reaching its decision. This in our view would result in unequal treatment of the claimants on the damage parcels which are the subject of this appeal as compared with claimants on the other 687 parcels. The record indicates that Special Term in fixing the land values through the entire proceeding, adopted consistent and uniform unit lot values, varying to some extent, of course, on difference of location. Consequently if on retrial different and inconsistent unit lot values are to be established as to the parcels under review then the uniformity of the land values which the Special Term attempted to establish in this proceeding will be destroyed. The situation, and our view of the case, might be different if the city were seeking on appeal to establish that the land values fixed by the court throughout this proceeding were based upon some improper, illegal or erroneous method of fixing land values. All that we have here however is an appeal with respect to " *quantum* " on these 4 parcels. We see no basis for overruling the judgment of the court below in fixing the land values on these parcels.

The second separate and partial decree should be affirmed in all respects with costs to respondents.

VALENTE, and BERGAN, JJ., concur with McNALLY, J; RABIN, J. P., dissents in opinion, in which M. M. FRANK, J., concurs.

Decree so far as appealed from reversed, on the law and on the facts, and a new trial ordered in the interest of justice, with costs to appellant.